# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ABDEL LATIF ZAHRI,

    Plaintiff,

v.

WESTERN UNITED INSURANCE COMPANY,

    Defendant.

Case No. 2:10-CV-00792-KJD-LRL

**ORDER**

    Presently before the Court is Defendant Western United Insurance Company's Motion to Strike (#14). Plaintiff filed a response in opposition (#17) to which Defendant replied (#18). Plaintiff also filed a Supplement (#19) to his opposition.

    The Court is faced with the unique situation in which both parties are wrong. First, Defendant previously filed a motion to dismiss and strike (#4) on June 2, 2010. Plaintiff did not oppose the motion and the Court granted the motion on June 24, 2010. Defendant then filed the present motion to strike on July 2, 2010. However, Federal Rule of Civil Procedure 12 (g)(2) forbids subsequent Rule 12 motions. Therefore, the Court must deny Defendant's motion.

    However, the denial does not convert an invalid claim for breach of fiduciary duty into a valid claim. Nevada law recognizes that the relationship between insurer and insured is one that is

1  fiduciary in nature, but does not require the insurer to put the insured's interests above its own.  See
2  Powers v. United Servs. Auto. Assoc., 115 Nev. 38, 41-42 (Nev. 1999)("Powers II"); Powers v.
3  United Servs. Auto. Assoc., 114 Nev. 690, 700 (Nev. 1998)("Powers I").  The fiduciary nature of the
4  relationship is subsumed in the duty of good faith and fair dealing.  Accordingly, Plaintiff may prove
5  that Defendant violated the duty of good faith and fair dealing by breaching the fiduciary nature of
6  the relationship.  See Powers I, 114 Nev. at 701.

      Accordingly, IT IS HEREBY ORDERED that Defendant Western United Insurance Company's Motion to Strike (#14) is **DENIED**.

      DATED this 16th day of March 2011.

_____
Kent J. Dawson
United States District Judge